IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN HARPER,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )          Case No. 23-cv-2328-DWD
                                        )
NURSE,                                  )
JAIL ADMINSTRATOR COFFEE,               )
                                        )
                    Defendant.          )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Justin Harper, a detainee at the Pulaski County Detention Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was at Randolph County Sheriff's Office in February of 2023. (Doc. 12).   The Court dismissed Plaintiff's initial complaint as insufficient to state a claim, and he missed the deadline to amend, but the Court later re-opened the case and gave him a second chance to file an amended complaint.  (Docs. 6-10).  On January 31, 2024, Plaintiff submitted his Amended Complaint.  (Doc. 12).

Plaintiff's amended complaint (Doc. 12) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff alleges that in February of 2023, the nurse at the Randolph County Sheriff's Office wrongfully prescribed him Benadryl, which should not be used in people "with his medical condition."  (Doc. 12 at 6).  He alleges that the nurse did not have authority to issue the Benadryl, and it should have been done by the doctor.  He claims that after he had the Benadryl he began to feel sick and had an allergic reaction.  (Doc. 12 at 6).  He alleges that he told the nurse and filled out a grievance, but nothing was done.  He alleges that Defendant Coffee, a jail administrator, was responsible for answering grievances but failed to answer his grievance on this topic.  He seeks monetary compensation, and payment for the "medical treatment [he] might need as a result of the nurse negligence."  (Doc. 12 at 7).

Plaintiff's complaint is insufficient to state a claim for multiple reasons.  He has not stated a claim against Defendant Coffee related to the grievance process because jail or prison grievance procedures are not mandated by the First Amendment, and do not by their very existence create protected interests.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  Therefore, the mishandling of a grievance does not amount to a constitutional violation, and Plaintiff's claim against Defendant Coffee must be dismissed.

Plaintiff also presents his claim against the nurse again related to the alleged misadministration of a single dose of Benadryl.  A detainee's Fourteenth Amendment right to medical care is evaluated under a two-part test.

The first step "'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case.'" *Id.* (*quoting Miranda, 900 F.3d at 353*). Negligence or gross negligence does not meet this standard. *McCann, 909 F.3d at 886*. For the second step, "we ask whether the challenged conduct was objectively reasonable." *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.* Said more succinctly, [Plaintiff] must demonstrate that genuine issues of material fact exist on two questions: (1) whether he suffered from an objectively serious medical condition and (2) whether the medical staff's response to it was objectively unreasonable. *Id.*

*Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019).

Further, this Court finds this case akin to cases about the administration of the wrong medication. While administering the wrong medication could pose a substantial risk of harm, courts have long recognized that a one-time mistake in dispensing the wrong medication only amounts to negligence, not deliberate indifference. *See e.g., Van Leer v. Centurion Health of Indiana, LLC,* 2023 WL 2814156, at *2 (S.D. Ind. Apr. 6, 2023); *Anderson v. Novak,* 2021 WL 39621, at *1-2 (W.D. Wis. Jan. 5, 2021); *Robbins v. Pollard,* 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016).

Plaintiff complains of receiving a single dose of Benadryl, which he believes he should not have received based on his underlying medical conditions. He does not elaborate on what those medical conditions are, nor does he suggest he specifically discussed any such risk or raised it with the nurse before ingesting the Benadryl. At most, he alleges that if the nurse had "read directions" she would have realized the issue with his medical condition. He also suggests that a doctor should have been required to

prescribe the medication, but Benadryl is a common over-the-counter medication. From the single dose, he alleges only that he began to feel sick and had an allergic reaction, but he does not describe the extent or duration of either of these issues. He claims he told the nurse, but nothing was done. On the whole, the Court finds that this series of events amounts to an act of negligence and is not enough to present an objectively serious medical situation, nor an objectively incorrect handling of the situation. Plaintiff's symptoms sound relatively minor, and he does not explain what information he presented to the nurse about the misadministration that would have warranted further emergent care. On the whole, the facts presented are insufficient to establish both an objectively serious medical condition and an objectively incorrect course of action by the nurse serious enough to sustain a claim under the Fourteenth Amendment.

Plaintiff is pro se, but he has already been afforded a chance to amend his complaint. The Court gives leave to file amended pleadings freely, but it does not need to give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed. *See e.g.*, *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile). The Court finds that any future amendment to the complaint in this case would be futile, so the complaint is dismissed with prejudice.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 13) is **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615

F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors—whether Plaintiff has made reasonable attempts to recruit his own counsel; and whether he is competent to represent his own interests. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff alleges that he attempted to contact his lawyer or a lawyer, but he alleges it is hard to reach potential counsel because their telephones do not accept collect calls. (Doc. 13 at 1). Plaintiff also contends that he needs counsel because he is mentally disabled, and he is suffering the "effects" of medication he was wrongfully given. Although Plaintiff has made at least some attempt to recruit his own counsel, the Court does not find it necessary to appoint counsel in this case. The facts are relatively straightforward, and Plaintiff has been able to present them clearly enough for consideration. The case is not being dismissed because Plaintiff lacked legal expertise, it is being dismissed because the underlying facts do not provide a sufficient premise for a constitutional claim. Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 13) is **DENIED.**

### DISPOSITION

Plaintiff's Amended Complaint (Doc. 12) is insufficient to state a claim under 28 U.S.C. § 1915A, and it is **DISMISSED with prejudice**. This dismissal may count as one of Plaintiff's three allotted strikes under 28 U.S.C. § 1915(g).

Plaintiff's Motion for Recruitment of Counsel (Doc. 13) is **DENIED.**

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

Dated: March 19, 2024                    /s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge


NOTICE

If Plaintiff wishes to contest this Order, he can either file a motion under Federal Rules of Civil Procedure 59(e) or 60(b), or he can appeal to the Seventh Circuit Court of Appeals within 30 days of the judgment or order appealed from, FED. R. APP. P. 4(a)(1)(A). The grounds under Rules 59(e) and 60(b) are quite narrow.  For example, newly discovered evidence that was not previously available is a basis for relief under either rule, as is a manifest error of law.  These rules are not intended as a forum to rehash previously considered arguments.  If Plaintiff chooses to appeal to the Seventh Circuit Court of Appeals, he must file a notice of appeal in this Court, and he must pay a filing fee of $505, or apply for in forma pauperis (IFP) status.  FED. R. APP. P. 3(a), 3(e).  An IFP application must be accompanied by a prison trust fund account statement, as well as an outline of the issues to be presented on appeal.  FED. R. APP. P.  24(a)(1)(C).  If IFP status is granted, Plaintiff will be assessed a partial filing fee, with the balance due and owing over time regardless of the outcome of his appeal.